Ayse Sen
7037 Regner Road
San Diego CA 92119
Tel: 858-750-8753

Plaintiff Pro Se'

2012 DEC -4  AM 10: 58

BY_____

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ayse Sen,<br><br>            Plaintiff,<br><br>   vs.<br><br>Amazon.com, Inc.,<br><br>           Defendant | Case No.: **12CV2878 AJB BGS**<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

Plaintiff Ayse Sen (hereinafter "Plaintiff"), for her Complaint against defendant Amazon.com, Inc. (hereinafter, "Defendant" or "Amazon.com"), about a Registered Trademark called Baiden with the registration number 3,482,701 Registered August 5, 2008 (hereinafter "Mark" or "Baiden") states as follows:

1.  This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 et seq.; 15 U.S.C. § 1114(a); unfair competition, false advertising of origin under the Lanham Act, 15 U.S.C. § 1125(a) arising from Defendant's unauthorized use of Plaintiff's trademark, BAIDEN in online pay-per-click (PPC) Campaigns and Promotions. The copy of the said trademark registration is attached hereto as Exhibit A.

///

1

COMPLAINT

2.   In July 2010, Plaintiff noticed that Defendant was sponsoring pay-per-click campaigns using Mark and bidding on the Mark or/and Mark related keywords on major search engines. Even though she made over 5 attempts to resolve the issue, Defendant is still using Mark against Plaintiff's will in online pay-per-click campaigns and creating likelihood of confusion about Mark over two years.

3.   These campaigns take place on the Search Engines diverting the online traffic that searching the Mark or/and Mark related keywords to a landing page at Defendant's website that has competitors' products with an attractive advertisement that uses Mark in its text and title portion. See Exhibit B and Exhibit C. Besides all the lost online traffic and sales during last two years, Plaintiff also had bad reviews about her product from the people that are confused and bought the unrelated products correlating them with Mark because of the Defendant's campaigns. See a Blog entry related to a bad review of her mark in Exhibit D.

4.   Plaintiff corresponded with Amazon.com and requested them more than three times to cease and desist from using her Mark in their campaigns and not to bid on the Mark related keywords and acknowledge her rights under the Lanham Act. The campaigns is causing negative impact on Plaintiff's sales and creating confusion among my prospect clientele. Upon Defendant reasoning that it was because of Plaintiff's product was listed in their platform, Plaintiff removed her product listing from Defendant's website platform to stop the campaigns and requested to cease any use of her Mark after the list removal. However Defendant kept advertising the same way and responding emails with invalid links shown as the reasoning. Plaintiff send email more than three times complaining about the invalid links and not getting response to her request, the defendant keep sending more emails with invalid links. Not only was Defendant advertising with Plaintiff's Mark, Defendant's representatives did not communicate properly with her as well.

///

2

5.   Plaintiff had connected with the lawyers to consult about the advertising campaigns and she had sent cease and desist letter written by Thomas F. Gallagher and Parker Stanbury LLP asking directly and indirectly Defendant to cease the advertising. *See* Exhibit E and Exhibit F. The last response Plaintiff received was an email on July 11th, 2012, from their Copyright/Trademark Agent, Anne Tarpey, requesting information where the advertising appears. Plaintiff responded timely manner providing the requested information and has not received any response as of September 23th even though she requested the status of issue via email. See Exhibit G.

### Facts Baiden Trademark

6.   The Baiden Mitten is very well known Mark in online community. There are many articles, blog entry's, images, video clips, websites that are about the Mark. There are over 9000 of searches conducted every month using the Mark related keywords. It is established before the registration with the United States Patents and Trademark Office. If the Mark related keywords search conducted in the major search engines, there are thousands of hits. It has been in Commercial use over 5 years.

### Defendant's Wrongful Conduct

7.   Defendant's entire concept in creating the online advertising was based on to attract the targeted traffic that searches for Mark and divert it to their landing page that promotes plaintiff's competitors products.   In so doing, Defendant seeks to trade off the good will and worldwide online recognition of Baiden without acknowledging ownership of Plaintiff.

8.   Likewise, Defendant makes extensive use of the Mark as when Mark or Mark related keywords are searched on its website, http://amazon.com, the list of competitive products comes up. See Exhibit C for sample of the search at http://amazon.com.

///

///

3

COMPLAINT

1    9.   Defendant's use of Mark in advertising campaigns, on its website is likely
2  to cause confusion, to cause mistake, or to deceive members of the public into
3  believing that the competitive products come up on its website are authorized by
4  Plaintiff's Mark. In the alternative, Defendant's actions, if not enjoined, could lead
5  the general public to understand that Mark refer primarily to a genus of goods or
6  services, thereby rendering the Mark generic and destroying their origin-identifying
7  function.

8    10.  Before filing this suit, plaintiff has made more than five written
9  requests to Defendant via email and regular mail to provide appropriate attribution
10 and acknowledgement of plaintiff's ownership of the Mark. See Email Sequence in
11 Exhibit H. Plaintiff did not received proper response to her emails and letters.

12   11.  Even after receiving the aforementioned letters from plaintiff, Defendant
13 has continued to extensively use the Mark on its campaigns.

14   12.  Defendant's willful actions (1) have the likelihood of affecting
15 interstate commerce by deceiving or confusing the public throughout the nation; (2)
16 constitute a false designation of the defendant's goods or services by passing them
17 off as being associated with the Mark; (3) suggest a non-existent connection with
18 Mark; (4) suggest that the Mark has sponsored, licensed or approved of defendant's
19 listed goods, services, or businesses; and/or (5) could cause the Mark to become
20 generic in the eyes of the general public and destroy the origin-identifying function
21 of the Mark.

22           **First Cause of Action: Federal Trademark Infringement**

23   13.  Plaintiff  realleges and incorporates by reference herein the allegations
24 contained in paragraphs 1 through 11 of the Complaint Defendant's aforementioned acts
25 constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

26   14.  Defendant's actions constitute trademark infringement in violation of
27 section 32(a) of the Lanham Act, 15 U.S.C. § 1114. As a proximate result of

28                                          4

                                       COMPLAINT

defendants' actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademark.  The foregoing acts of infringement have been and continue to be deliberate, willful.

## Second Cause of Action: Federal Unfair Competition, False Designation of Origin, Passing Off and False Advertising

15.  Plaintiff is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and court's fees.

16.  Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 12 of the Complaint.

17.  Baiden, as used by plaintiff and its license in connection with providing goods and services relating to Mark are distinctive and have become associated with plaintiff and thus exclusively identify plaintiff's business, products, and services.

18.  Because of Defendant's wrongful use of the Mark and its appropriation of the Mark as a thematic marketing concept for its products, consumers are deceptively led to believe that the Defendant's products originate with or is sponsored or otherwise approved by the Mark, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause patrons to believe that the Mark is generic, thus destroying the goodwill and value plaintiff has built with the Mark.

19.  The foregoing acts and conduct by Defendant constitute false designation of origin, passing off and false advertising in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

20.  Plaintiff is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited

5

COMPLAINT

1 | to, compensatory damages;  treble damages; disgorgement of profits; and costs and
2 | attorney's fees.

3 |     WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

4 |     (1) That Defendant, its officers, agents, servants, employees, and
5 | attorneys, and those persons in active concert or participation with Defendant who
6 | receive actual notice of the court's order by personal service or otherwise, be
7 | permanently enjoined from:

8 |     (a) Using any of the Mark or any variation of the word with the
9 | Mark specifically including, but not limited to, any term that includes "Baiden" or a
10 | misspelling of the Mark in connection with the promotion, marketing. advertising,
11 | public relations or any other strategy;

12 |     (b) Diluting, blurring, passing off or falsely designating the
13 | origin of Mark or any related Marks;

14 |     (c) Doing any other act or thing likely to induce the belief that
15 |     Amazon.com website services or products are in any way connected with,
16 |     sponsored, affiliated, licensed, or endorsed by plaintiff;

17 |     (d) Using any of the Mark for goods or services, or on the
18 | internet, or as domain names, email addresses, meta tags, invisible data, or otherwise
19 | engaging in acts or conduct that would cause confusion as to the source, sponsorship
20 | or affiliation of Defendant with the Mark;

21 |     (2) That Defendant, in accordance with 15 U.S.C. § 1116(a), be directed
22 | to file with this court and serve upon Plaintiff within thirty days after service of
23 | the permanent injunction a report in writing under oath, setting forth in detail the
24 | manner and form in which Defendant has complied with the permanent injunction;

25 |     (3) that Plaintiff's recover its actual damages sustained as a result of
26 | Defendant's wrongful actions;

27 |

28 |                     6

1    (4) that Plaintiff recover Defendant's profits made as a result of

2  Defendant's wrongful actions;

3    (5) That Plaintiff recover three times Defendant's profits made as a

4  result of Defendant's wrongful actions or three times Plaintiff's damages, whichever

5  is greater; The copy of the estimation of the Plaintiff's Damages is attached hereto

6  as Exhibit I.

7    (6) That this case be deemed an exceptional case under 15 U.S.C. §§

8  1117(a) and (b) and that Defendant be deemed liable for and ordered to reimburse

9  Plaintiff for its reasonable attorneys' fees;

10    (7) That Plaintiff be awarded exemplary damages for Defendant's willful

11  and intentional acts;

12    (8) That Plaintiff recover its costs of court; and

13    (9) That Plaintiff recover such further relief to which it may be

14  entitled.

15  Dated: _12/4/2012_

                                    Ayse Sen, Plaintiff

Document formatted by:
CATALYST LEGAL
4640 Pennsylvania Avenue
Fair Oaks CA 95628
Tel: 916-644-3090
Sac LDA #2011-11 Exp. 10/31/13

7

COMPLAINT