AYSE SEN
7037 Regner Road
San Diego, CA 92119
Telephone: (858) 750-8753

Plaintiff in pro per

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYSE SEN,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | CASE NO. 12CV02878 AJB (BGS)<br><br>**PLAINTIFF, AYSE SEN'S OPPOSITION TO DEFENDANT AMAZON.COM'S MOTION TO ENFORCE SETTLEMENT**<br><br>Judge:  Anthony J. Battaglia<br>Magistrate: Bernard G. Skomal |

Plaintiff, Ayse Sen, submits her opposition to Defendant, Amazon.com's Motion to enforce settlement as follows:

///

///

///

///

///

1

PLAINTIFF, AYSE SEN'S OPPOSITION TO DEFENDANT AMAZON.COM'S MOTION TO ENFORCE SETTLEMENT

# I.

# THE SETTLEMENT MEMORANDUM OF UNDERSTANDING IS VAGUE, CONFUSING AND THEREFORE UNENFORCEABLE

Paragraph number 2 of the Memorandum of Understanding (MOU) calls for a "C.C.P. 1542 waiver, and a dismissal with prejudice." I am representing myself and I am not a lawyer. I do not have any special training in the law. At the neutral evaluation conference I had no understanding of the foregoing terms and relied on the "neutral evaluator" and Amazon.com attorneys representation that these terms were consistent with what I was agreeing to. I felt strong-armed into signing the agreement. After the conference I learned that by including these terms I had agreed to just drop my suit and allow Amazon to just walk away. This is not what was discussed at the mediation. In general what was discussed at the conference was that I would drop my claim for past damages if Amazon would agree to allow me to continue to use the Amazon.com platform and that Amazon would stop misusing the "BAIDEN" keyword or Trademark. The proposed long form agreement I tendered to Amazon.com's attorney's, Exhibit C to Amazon.com's brief, clearly creates what would be required to meet my expectations arising from what was said at the conference.

Paragraph number 7 of the MOU is not complete and therefore unenforceable. All paragraph number 7 says is that if in the future there are further "issues" that I can work with Amazon.com. What we discussed at the conference

2

PLAINTIFF, AYSE SEN'S OPPOSITION TO DEFENDANT AMAZON.COM'S MOTION TO ENFORCE SETTLEMENT

was that I wanted to continue to be allowed to use the Amazon.com platform unless I violated a rule which Amazon normally considers to be something people get banned for. Under this agreement, if enforced, Amazon can ban me for life without just cause or any cause at all. The reason I am forgoing past damages caused by Amazon is that I am confident that I can recoup my losses via continued use of the Amazon.com platform. This agreement as written does not meet with the parties' intent. The power to "enforce" a settlement cannot be exercised unless the terms have been agreed to. "(T)he District Court may not enter a 'consent' judgment without the actual consent of the (parties)." [See, U.S. v. Ward Baking Co. (1964) 376 US 327, 334.]

The purpose of paragraph 8, which is at the heart of my lawsuit, is to stop or 'enjoin' Amazon.com or other Amazon customers from misusing the 'Baiden' trademark. Paragraph 8 reflects an agreement for injunctive relief. As such it must meet the requirements of FRCP 65(d) for injunctive relief. [William Keeton Enterprises, Inc. v. A All American Strip-O-Rama, Inc. (9th Cir. 1996) 74 F.3d 178, 182.] Paragraph 8 does not enjoin any conduct. It is just a vague agreement by Amazon.com to stop doing what has caused me damages in the past with absolutely no consequences should Amazon.com mess up again.

///
///
///
///
///

## II

## THE LONG FORM PROPOSED SETTLEMENT AGREEMENT GOES FURTHER THAN THE MOU IN DISREGARDING WHAT WAS AGREED TO AT THE SETTLEMENT CONFERENCE.

Paragraph number 2 of the proposed settlement agreement (psg) as worded is an improperly formulated provision for injunctive relief. (See, reference to paragraph 8 of MOU above.)

Paragraph number 3 of the psg indicates that if I claim Amazon.com has violated my rights under Trademark law that I have to notify Amazon.com of the violation. Amazon is not required under the psg to do anything in response to the notice of violation. To add insult to injury, under paragraph number 4, making Amazon.com do absolutely nothing would be my sole and exclusive remedy. Amazon.com appears to be attempting to grant itself a license to violate my rights under Trademark law. This is not legal, fair or just.

My comments regarding paragraph number 5 of the psg are the same as those regarding paragraph number 2 of the MOU above.

///
///
///
///
///

4

PLAINTIFF, AYSE SEN'S OPPOSITION TO DEFENDANT AMAZON.COM'S MOTION TO ENFORCE SETTLEMENT

## III

## AMAZON'S PROPOSED AGREEMENT
## DOES NOT INCLUDE 'GOOD CONSIDERATION'
## AND THEREFORE IS NOT A LAWFUL AGREEMENT

Civil Code section 1549 provides: "A contract is an agreement to do or not to do a certain thing." Courts have defined the term as follows: "A contract is a voluntary and lawful agreement, by competent parties, for a good consideration, to do or not to do a specified thing."(Robinson v. Magee (1858) 9 Cal. 81, 83.) In it's proposed agreement Amazon is not required to do anything at all. Under the terms of the proposed agreement, plaintiff would have to dismiss her complaint and forgo any damages caused so far and any damages which may occur in the future. In return for this valid consideration Amazon would be required to do nothing at all. Amazon is not agreeing to give 'good consideration' and therefore it proposed agreement would be unlawful and unenforceable. Additionally, as is set forth above, this was never agreed to.

## IV
## CONCLUSION

My concessions at the settlement conference were to give up my right to my past damages and dismiss this lawsuit in exchange for being able to continue to use the Amazon.com platform and protect my Trademark rights in the future. What Amazon.com is attempting to do is take advantage of me because I am

5

PLAINTIFF, AYSE SEN'S OPPOSITION TO DEFENDANT AMAZON.COM'S MOTION TO ENFORCE SETTLEMENT

representing myself and bully me into agreeing to allow Amazon.com to continue to violate my Trademark rights while potentially banning me from using its platform.

In the interests of fairness and justice Amazon.com's motion should be denied and a further settlement conference should be attempted as I continue to believe that a fair and just resolution can be achieved.

Dated: October 21, 2013

Respectfully submitted,

_____
Ayse Sen, plaintiff

PLAINTIFF, AYSE SEN'S OPPOSITION TO DEFENDANT AMAZON.COM'S MOTION TO ENFORCE SETTLEMENT

1  AYSE SEN
   7037 Regner Road
2  San Diego, CA 92119
   Telephone: (858) 750-8753
3
   Plaintiff, in pro per
4

5

6           **IN THE UNITED STATES DISTRICT COURT**

7            **SOUTHERN DISTRICT OF CALIFORNIA**

8
   AYSE SEN                     )   CASE NO. 12-cv-02878 AJB (BGS)
9                               )
           Plaintiff,           )   CERTIFICATE OF SERVICE
10                              )
   vs.                          )   Judge: Anthony J. Battaglia
11                              )   Magistrate Judge: Bernard G. Skomal
   AMAZON.COM, INC.             )
12                              )
           Defendant.           )
13  _____)

                                                    CERTIFICATE OF SERVICE
                                    1

**Ayse Sen v. Amazon.com, Inc., Case No. CV12-02878 AJB (GBS)**
**United States District Court, Southern District of California**

## PROOF OF SERVICE

I am the plaintiff, in pro per, in the above reference matter. I am over the age of 18 and my address is 7037 Regner Road, San Diego, California, 92119. On October 21, 2013, I served the following document(s) on the interested parties in this action by sending a true and correct copy thereof as follows:

1. **PLAINTIFF AYSE SEN'S OPPOSITION TO DEFENDANT AMAZON.COM'S MOTION TO ENFORCE SETTLEMENT**

Timothy L. Skelton, SBN 200432, timothy.skelton@arentfox.com
Arent Fox, LLP
555 West Fifth Street, 48th floor
Los Angeles, CA 90013-0165
Phone: (213) 629-7400; Fax: (213) 629-7401

**Attorneys for Defendant Amazon.com, Inc.**

XX (BY MAIL) I am "readily familiar" with the USPS collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am a member of the bar of this court, or employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 21, 2013, at San Diego, California

_____
Ayse Sen