ALLAN E. ANDERSON (SBN 133672)
TIMOTHY L. SKELTON (SBN 200432)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Email: allan.anderson@arentfox.com
        timothy.skelton@arentfox.com

Attorneys for AMAZON.COM, INC.

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYSE SEN,<br><br>                    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>                    Defendant. | Case No.  12CV02878 AJB (BGS)<br><br>**AMAZON.COM'S REPLY IN SUPPORT OF MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT**<br><br>Judge:            Anthony J. Battaglila<br><br>Magistrate Judge:   Bernard G. Skomal |

The only argument offered by Ms. Sen is that she did not understand that the import of paragraphs 2, 7, and 8 in the Settlement was that her present suit against Amazon would be dismissed with prejudice, that she waived bringing in the future any claim arising from Amazon's past conduct, and that she was not given a guarantee by Amazon that she could forever be able to use the Amazon.com platform.  (Opp. at 2-3).

Ms. Sen states that it was her belief that through the Settlement she "would drop [her] claim for past damages" and in return Amazon (and Amazon's customers) would "stop misusing the 'Baiden' keyword or trademark" and would "continue to . . . allow[] [her] to use the Amazon.com platform unless [she] violated a rule which Amazon normally considers to be something people get banned for." (*Id.*)

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10525177.2

REPLY ISO MOTION TO ENFORCE
SETTLEMENT

To begin, when Ms. Sen signed the Settlement she affirmatively represented to this Court that she had "agreed" to the terms contained therein, and further represented that those terms were "binding and judicially enforceable."  Insofar as her subjective understanding of those terms, they are not relevant to Amazon's motion nor serve as a basis to set aside the Settlement.  A written agreement is construed in light of the *objective* manifestation of the parties' intent – the words written down into the agreement.  None of Ms. Sen's subjective understandings are consistent with those objective manifestations.

In the end, nothing alters the fact that the parties entered into a valid and enforceable agreement with the assistance of Magistrate Skomal that contained objectively clear and unequivocal language.  Accordingly, the Court should grant Amazon's motion and enter an Order to enforce the settlement and dismiss this action with prejudice.

## I.  THE AGREEMENT DOES NOT LACK MUTUAL CONSENT.

Ms. Sen's Opposition is in essence that there was not mutual consent to the Settlement because the parties (more specifically, herself) had a different understanding of that agreement's terms.  California law governs questions on the validity, enforceability, and formation of the Settlement (*see O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004)), even if it involved the settlement of a federal cause of action.  *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993).  Under California law, "[w]here the parties have reduced their agreement to writing, their mutual intention is to be determined, whenever possible, from the language of the writing alone. Contract formation is governed by objective manifestations, not the subjective intent of any individual involved.  The test is what the outward manifestations of consent would lead a reasonable person to believe."  *Allen v. Smith*, 94 Cal. App. 4th 1270, 1277 (2002); *see also Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 208 (2006) (mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10525177.2

- 2 -

REPLY ISO MOTION TO ENFORCE
SETTLEMENT

parties, the reasonable meaning of their words, and not their undisclosed or unexpressed intentions or understandings).  A parties' unexpressed subjective intention is not a source to be consulted.  *Shaw v. Regents of University of California*, 58 Cal. App. 4th 44, 54-55 (1997) (the true intent of a contracting party is irrelevant if it remains unexpressed).  Courts "are not concerned as much with what the parties might tell us they meant by the words they used as with how a reasonable person would interpret those words." *In re Quantification Settlement Agreement Cases*, 201 Cal. App. 4th 758 (2011).

### A.     Paragraph 2:

Paragraph 2 of the Settlement provided that there would be "[a] release of all claims, including C.C.P. § 1542 waiver, and a dismissal with prejudice of the above entitled action."  Ms. Sen states she did not realize that through this language she "had agreed to just drop my suit and allow Amazon to just walk away."  (Opp. at 2).

But there is no other plausible reading of that language.  "Release," "waiver," and "dismissal" are not subject to alternative interpretations.

### B.     Paragraph 7:

Paragraph 7 of the Settlement provided that "if in the future" Ms. Sen discovered "any future issues related to the Baiden mitten" use on Amazon.com, she could work with Amazon staff and its counsel, Mr. Anderson.  Ms. Sen argues that the parties had actually agreed that Amazon would "continue to . . . allow[ her] to use the Amazon.com platform unless [she] violated a rule which Amazon normally considers to be something people get banned for."  (Opp. at 3).

Again, there is no plausible reading of this language that includes any assurance of a continued right to sell on Amazon.  Paragraph 7 simply provides an alternative avenue of communication with Amazon.  Ms. Baiden can take advantage of it or not.

If Ms. Sen's agreement to the Settlement was truly contingent upon an

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10525177.2

- 3 -

REPLY ISO MOTION TO ENFORCE
SETTLEMENT

assurance that Amazon would allow her to sell on Amazon indefinitely, then she should have insisted that it was memorialized in the Settlement.  Ms. Sen's subjective, undisclosed intentions and understandings are irrelevant.  *E.g.*, *Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.*, 109 Cal. App. 4th 944, 956 (2003).

### C.     Paragraph 8:

Paragraph 8 of the Settlement clarifies that should in the future Ms. Sen "terminates" using the "Amazon.com" platform to sell her wares that she would "provide written notice advising that no 3rd parties are selling the product" and in return "Amazon.com will agree not to use 'Baiden' in text of sponsored links, nor 'Baiden' keywords within 20 days of notice."  (Amazon Mot. Enforce, Decl. Allan Anderson Ex. A).  Ms. Sen complains that the parties had agreed that "Amazon.com or other Amazon customers" would stop "misusing the 'Baiden' trademark," but that paragraph 8 "does not enjoin any conduct [but] is just a vague agreement by Amazon.com to stop doing what has caused me damages . . . with absolutely no consequences should Amazon.com mess up again."  Opp. at 3.

Ms. Sen's problem with paragraph 8 is not entirely clear.  So long as Ms. Sen is selling on Amazon, then she should have no complaint if Amazon uses "baiden." Amazon has agreed to stop using "baiden" if Ms. Sen stops selling on Amazon and Ms. Sen desires that Amazon stop.[1]   If Amazon were to refuse her request, then Ms. Sen would in fact have remedies, both through contract law and trademark law.

## II.     CONCLUSION

The parties entered into a valid and enforceable Settlement, a term of which was that Ms. Sen's suit would be dismissed if the parties were unable to enter into a long-form agreement.  The parties were unable to come to a long-form agreement.

---

[1] This is not an illusory promise.  In addition to Amazon's use of "baiden" being completely lawful, when Ms. Sen agreed to sell on Amazon, as part of the written seller agreement, Ms. Sen granted Amazon a perpetual license to use her marks.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10525177.2

- 4 -

REPLY ISO MOTION TO ENFORCE
SETTLEMENT

The Court should grant the motion and order the dismissal of Ms. Sen's action with prejudice, as agreed.

Dated:        November 13, 2013        **ARENT FOX LLP**

By:/s/ *Allan E. Anderson*
ALLAN E. ANDERSON
TIMOTHY L. SKELTON
Attorneys for Defendant
AMAZON.COM, INC.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/10525177.2

- 5 -

REPLY ISO MOTION TO ENFORCE
SETTLEMENT