UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYSE SEN, | ) Case No.12cv2878 AJB (BGS) |
| Plaintiff, | ) ORDER GRANTING MOTION TO ENFORCE THE SETTLEMENT |
| v. | ) |
| AMAZON.COM, INC., | ) [Doc. No. 35] |
| Defendants. | ) |

Before the Court is Amazon.com's (hereinafter "Defendant" or "Amazon") Motion to Enforce the Settlement. (Doc. No. 35.) Plaintiff opposes on grounds that she did not understand the terms she signed on to and the agreement lacks valid consideration. Plaintiff's Opposition was filed on October 21, 2013. (Doc. No. 37.) The Court held a hearing on this matter on December 12, 2013, allowing the parties to present their arguments and any supporting evidence. After considering the parties' briefs filed in support and opposition, as well as the arguments presented at the hearing, the Court GRANTS the motion to enforce.

//

//

## I. BACKGROUND

### A. Factual and Procedural Background

The instant case stems from an alleged infringement of Plaintiff's trademark, "Baiden."[1] Plaintiff, appearing pro se, initiated this lawsuit against Defendant on December 4, 2012 asserting claims for trademark infringement, unfair competition, and false advertising. (Doc. No. 1.) Defendant allegedly used Plaintiff's mark in online pay-per-click campaigns and promotion on various search engines without Plaintiff's express authorization. These campaigns diverted online traffic to a landing page on Amazon's website with competitor products. Plaintiff alleged that this practice cost online traffic and sales. (Doc. No. 1, at 2).

After two attempts to compromise at Early Neutral Evaluation Conferences ("ENE") held before Magistrate Judge Bernard G. Skomal, the parties reached a settlement on July 9, 2013 with the assistance of Judge Skomal. (Doc. No. 20.) The parties signed and executed the Settlement Memorandum of Understanding ("MOU") that same day. (*See* Doc. No. 35, Ex. A, "MOU".) As the MOU expressly contemplated, Defendant prepared and sent Plaintiff a long form agreement memorializing the terms of the MOU - on August 14, 2013. However, on August 17, 2013, Plaintiff sent an email to defense counsel, Mr. Allan Anderson, attempting to add certain terms which Plaintiff contends "takes into account what [was] discussed about at the recent settlement conference." (*Id.* at Ex. C.) Defendants, through their counsel Mr. Anderson, replied that the items were "not agreed to at the settlement conference." Defendant urged Plaintiff to sign the long form agreement to "put this case to bed." (*Id.* at Ex. D.)

On September 9, 2013, Judge Skomal held a Settlement Disposition Conference. Regrettably, the parties were unable to agree to the terms of the original settlement MOU. (Doc. No. 29.) Defendant informed the Court of its wish to file a motion to enforce and did so on October 9, 2013. Plaintiff objects on grounds that the MOU is vague, confusing, and thus unenforceable. (Doc. No. 37 at 2.) Moreover, Plaintiff alleges the MOU is

---

[1] Used in connection with Plaintiff's product, the Baiden Mitten.

incomplete as it leaves out material terms agreed upon at the ENE. (*Id.* at 2-3.) The Court entertained oral arguments and allowed the parties to present their contentions and any supporting evidence.

### B.     The Settlement MOU

The key provisions of the MOU are as follows:

1. Payment in the sum of NONE;

2. A release of all claims, including C.C.P. §1542 waiver, and a dismissal with prejudice of the above entitled action;

3. The Court to retain jurisdiction to enforce the settlement for a period of 1 year; . . .

7. If in [the] future, plaintiff discovers any further issues related [to] the Baiden mitten with Amazon.com, you can work with Amazon.com directly through copyright@amazon.com with a cc to ...;

8. In the event you terminate with Amazon.com, you will provide written notice advising that no 3d parties are selling the product, that you have the valid mark and subject to good faith confirmation, Amazon.com will agree not to use "baiden" in text of sponsored links, no "Baiden" key words w/in 20 days of notice;

9. Amazon to prepare long form agreement subject to mutual consent, *otherwise this agreement rules.*[2]

The last line provides that the undersigned "acknowledge and agree that this settlement was made before the Court and is binding and judicially enforceable." Both parties signed the MOU dated July 9, 2013.

## II.    LEGAL STANDARDS

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it. However, the district court may enforce only complete settlement agreements." *Callie v. Near*, 892 F.2d 888, 890 (9th Cir. 1987) (emphasis and citations omitted). Thus, to be enforced, a settlement agreement must

---

[2] Provisions seven through nine were handwritten, due to this fact, and the fact that the MOU was scanned then printed, the Court had some initial difficulty discerning some of the words. The Court identified those words with help from defense counsel Mr. Anderson. The Court finds counsel's clarification is an accurate representation of the handwritten terms. When the Court discussed those handwritten provisions during the December 12, 2013 hearing, Plaintiff did not object to the Court's reading. Therefore, the Court is satisfied that this order accurately reflects the terms of the MOU.

meet two requirements. First it must be a complete agreement. *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994). Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *Harrop v. Western Airlines, Inc.*, 440 F.2d 1143, 1144-45 (9th Cir. 1977).

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *United Commercial Ins. Serv., v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). "Under California law, the intent of the parties determines the meaning of the contract. The relevant intent is 'objective' - that is, the intent manifested in the agreement and by surrounding conduct - rather than the subjective beliefs of the parties." Thus, the true intent of the party is irrelevant if it is unexpressed. *Id.* Outward manifestation or expression of assent is controlling. *Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 851 (Cal. Ct. App. 1999). If there is a manifest intention that a formal agreement is not to be complete until reduced to a formal writing to be executed, there is no binding contract until that is done. *Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 315 (9th Cir. 1996). "Whether a writing constitutes a final agreement or merely an agreement to make an agreement depends primarily upon the intention of the parties. In the absence of ambiguity this must be determined by a construction of the instrument taken as a whole." *Id.* Where material facts concerning the existence of terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing. *See Russell v. Puget Sound Tug & Barge Co.*, 737 F.2d 1510, 1511 (9th Cir. 1984).

## III. DISCUSSION

It is now necessary for the Court to step in and "put this matter to bed." Throughout her Opposition as well as during the evidentiary hearing, Plaintiff indicates that her subjective understanding of the MOU did not align with the actual terms. Moreover, Plaintiff argues the MOU is incomplete. (Doc. No. 37 at 2.) Plaintiff makes two specific objections to the MOU. First, she expected to have continued use of the Amazon platform for her product. (*Id.* at 3.) Second, she expected to have the power to "enjoin"

Amazon from misusing the Baiden mark. (*Id.*) Finally, Plaintiff contends that the proposed long form agreement lacks consideration. (*Id.* at 4.) However, given that this motion is to enforce the MOU, the Court construes Plaintiff's argument to mean the MOU lacks valid consideration. Plaintiff's objections to the MOU are unfounded as explained below.

The Court bears in mind the fact that Plaintiff appears pro se and has no special training in the law. (*Id.* at 2.) Because of this fact, the Court gives her the benefit of the doubt and will protect her where necessary. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). However, this does not mean the Court will provide an escape route for buyer's remorse where Plaintiff knowingly entered into a complete and valid agreement.

### A.   The MOU is a Complete and Unambiguous Agreement Intentionally Entered Into

The parties reached an agreement, the terms of which are expressed in the MOU, after several hours of negotiation assisted by a highly competent, experienced, and fair-minded judicial officer. Thus, the Court is unpersuaded by Plaintiff's contention that she felt "strong-armed" into signing a agreement that she purportedly "had no understanding of" and "relied on the 'neutral evaluator' and Amazon.com attorneys." (*Id.* at 2.) Indeed, after reviewing her Complaint and briefs, the Court found Plaintiff to be very articulate and demonstrates an excellent understanding of not only trademark law but also contract law.

Although the MOU states that a "long form agreement" is to be prepared, under California law "[w]hen the parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement. *Blix St. Records, Inc. v. Cassidy*, 191 Cal. App. 4th 39, 48 (Cal. Ct. App. 2010). It is particularly important to note that Provision 9 of the MOU states that Amazon is to prepare a long form agreement, however if the parties cannot reach mutual consent, "this agreement [the MOU] rules."

Plaintiff states that it was only until after the settlement conference and after signing the MOU that she learned she had just agreed to drop her lawsuit. (*Id.*) However, Provision 2 of the MOU specifically states the undersigned agrees to "[a] release of all claims, including a C.C.P. § 1542 wavier, and a dismissal with prejudice of the above entitled action."[3] The last line of the MOU states "I acknowledge and agree that this settlement was made before the Court and is binding and judicially enforceable." (*See* MOU.)

The fundamental goal of contract interpretation is to give effect to the mutual intention of the parties, which is determined by objective manifestations of the parties' intent, including the *words used in the agreement*, as well as extrinsic evidence of such objective matters as the *surrounding circumstances under which the parties negotiated or entered into the contract*, the object, nature, and subject matter of the contract and the subsequent conduct of the parties. *People v. Shelton*, 36 Cal. 4th 759, 767 (Cal. 2005). Here, the words of the MOU themselves are undeniable and dispositive. A reasonable person would understand "a release of all claims . . . and a dismissal of the above entitled action" to mean that the person is agreeing to just that, releasing their claims and dismissing the action. The language itself is not ambiguous, nor is it vague. Moreover, the settlement conference was conducted before Magistrate Judge Skomal who acted as an neutral evaluator and provided assistance to both parties. Plaintiff fully participated in the negotiation and Judge Skomal's presence supports the view that the negotiations were conducted in an arms-length transaction.[4]

Furthermore, the language of the last line is evidently clear and understandable. The parties "acknowledge and agree that this settlement was made before the Court and is binding and judicially enforceable." A reasonable person would understand this to mean

---

[3] The above entitled action is *Sen v. Amazon*, 12cv2878 (BGS). This appears immediately after the caption "Settlement Memorandum of Understanding."

[4] Plaintiff would have the Court call into question Judge Skomal's neutrality. (*See* Doc. No. 37 at 2.) However, any implication of such is completely unfounded and Plaintiff does not provide a shred of evidence to suggest Judge Skomal was anything but evenhanded and helpful to both parties.

that the agreement they sign is fully binding and may be enforced by the court.  This language is not open to objective dispute or an alternative interpretation.  During the evidentiary hearing, the Court asked Plaintiff whether she read through the MOU during the settlement conference.  Plaintiff indicated that she did indeed.

While the Court is sympathetic to Plaintiff and the fact that she only consulted with an attorney after the fact.  The Court does not provide relief for a party's cold feet.  Based on the instrument, taken as a whole, the writing constitutes a final and complete agreement.[5]  By reading through the MOU and signing on the dotted line, Plaintiff manifested an objective outward expression of assent to the terms of the MOU.  Moreover, the Court must protect the objective expectations of the other party to the agreement.  To all parties involved, including the Magistrate Judge, Plaintiff outwardly projected the intent and willingness to be bound by the agreement.

### B. The MOU Contains all of the Material Terms and Plaintiff's Concerns are Unfounded.

The instant motion arises from an attempt by Plaintiff to insert additional terms into the proposed long form agreement.  In particular was a "damage calculator" that sets Plaintiff's recoverable damages if her product is no longer for sale on Amazon.com and Defendant continues the use of Baiden in the text of sponsored links.  The damages would equal 60% of Plaintiff's total average of daily sales occurring during the three day period immediately before the violation.  According to Plaintiff, this was necessary to ensure Amazon would not infringe again.  Plaintiff also wanted to insert language that Amazon would allow her the continued use of Amazon's platform and not restrict or suspend her in any way for any reason.  Even if she violated Amazon's policies that typically warrant a ban, Amazon's only recourse was to notify her of the violation and allow for 30 days to correct.  (*See* Doc No. 35, Ex. C.)

As expected, Defendant objected to these additional terms and contend that all the material terms, including Plaintiff's remedy against any alleged trademark infringement,

---

[5] Provision 9 expressly contemplates that in the event a long form agreement cannot be agreed upon, the MOU controls.

are contained within the MOU. (Doc. No. 35 at 4.) The Court agrees that Plaintiff cannot seek to add additional terms into an already valid and complete agreement. If Plaintiff wished to include such terms, they should have been discussed during negotiations, and if they were absolutely necessary to Plaintiff, she should not have signed on the dotted line. The Court now turns to Plaintiff's specific objections to the terms of the MOU: (1) it fails to include language she be allowed continued use of the Amazon platform and (2) it fails to "stop or enjoin Amazon.com or other Amazon customers from misusing the Baiden mark." (Doc. No. 37 at 2-3.) Plaintiff's specific objections are unfounded.

     A review of the MOU does not support any of Plaintiff's concern. First, Plaintiff is not prohibited from using the Amazon platform. Indeed, Provision 8 states "[i]n the event that you (Plaintiff) terminate with Amazon.com . . . " (*See* MOU.) This language clearly indicates that Plaintiff is allowed to continue her use of the Amazon platform to market and sell her product and she has the power to end that business relationship in the future.[6] Second, Amazon has indeed agreed to stop using her mark and the MOU gave Plaintiff the means to enforce. Provision 8 goes on to state that after Plaintiff terminates with Amazon.com, she "will provide written notice advising that no 3d parties are selling the product, that [she has] the valid mark and subject to good faith confirmation, Amazon.com will agree not to use 'baiden' in text of sponsored links, no 'baiden' words w/in 20 days of notice." This is completely reasonable and addresses Plaintiff's concern. It is obvious that if Plaintiff or any authorized third parties are selling the Baiden mitten on the Amazon platform, Amazon necessarily needs to be able to use the mark in the text of sponsored links and key word searches. How else will Plaintiff get traffic and sell her product? Moreover, once Plaintiff terminates use of Amazon's platform, and if no authorized third party vendors are still selling the product, Amazon agrees to not use her mark within twenty days of receiving notice. Plaintiff appeared to be concerned with

---

[6] To the extent that Plaintiff subjectively believed that she was entitled to indefinite and unlimited use of Amazon's platform no matter how many violations she incurred, this view is unreasonable and unsupported by the plain language of the MOU.

future infringements, but the MOU provides her with relief.  Provision 3 states that the Court will retain jurisdiction to enforce the settlement for one year.  Thus, Plaintiff can seek the Court's authority to bind Defendant to their agreement to stop using the mark. In addition, if Amazon breaches the terms of the settlement, Plaintiff would have the option of filing a breach of contract claim and seek damages therein.

Although the MOU only provides for the Court's jurisdiction to enforce for one year, this does not mean that subsequent to the expiration of the enforcement period, Plaintiff is left without legal recourse.  Plaintiff has only agreed to drop the action *Sen v. Amazon*, 12-CV-2878-AJB-BGS and resolve the issues presented therein. She has not agreed to drop all legal claims that may arise from the party's relationship or conduct going forward.

### C. The MOU is Supported by Valid Consideration

As this motion is brought to enforce the MOU, the Court will construe Plaintiff's contention in regards to the lack of consideration to apply to the MOU and not the proposed long form agreement.  Plaintiff states that in exchange for her giving up her lawsuit and any claim to damages, "Amazon would be required to do nothing at all." Therefore, the agreement lacks "good consideration" and unenforceable.  (Doc. No. 37 at 5.)

Courts will generally not inquire into the adequacy or relative value of the consideration provided by each party. 6 Cal. Jur. 189, Willison on Contracts (Rev. Ed.), § 115; *see also Schumm by Whyner v. Berg*, 37 Cal. 2d 174, 185 (Cal. 1951) (stating "the law will not enter into an inquiry as to the adequacy of the consideration.")  "A valuable consideration, however small or nominal, if given or stipulated for in good faith, is, in the absence of fraud, sufficient to support an action on any ... contracts." *Lawrence v. McCalmont*, 43 U.S. 426, 452 (1844).  However, where the disparity is so gross as to raise a presumption of fraud, the Court may inquire as to show unconscionability. *See Herbert v. Lankershim*, 9 Cal. 2d 409, 475 (Cal. 1937).  Here, the parties did not indicate

any suspicion of fraud or wrongdoing. Moreover, the Court does not find such gross disparity as to raise a presumption of fraud.

The terms of the MOU show a bargained for exchange supported by valid consideration. Valuable consideration for a contract may consist of some right, interest, profit, or benefit accruing to one party or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other. *See Peleg v. Neiman Marcus Group*, 204 Cal. App. 4th 1425, 1450 (Cal. Ct. App. 2012). In the instant case, Plaintiff gave her up claims in exchange for an undertaking by Defendant that it was not legally obligated to do. Defendant agreed to provide Plaintiff an alternative method of resolving issues in regards to her mark. (*See* MOU Provision 7.) According to defense counsel, this is something not ordinarily provided for Amazon platform. Thus, the Court concludes that valid consideration for the MOU exists to support a valid agreement.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Enforce the Settlement Agreement, as embodied by the Settlement MOU, and judgment for the defendant on the terms set forth in the MOU is ordered. The Clerk of Court is directed to enter judgment as provided herein and dismiss the case. As the parties have signed and filed their consent to the Magistrate Judge's jurisdiction (Doc. No. 42.), the Magistrate Judge assigned has the authority to enforce the settlement as stipulated by the terms of the MOU.

IT IS SO ORDERED.

DATED: December 19, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge